# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**CHARLENE L. SHIRK,**

      **Plaintiff,**

**v.**                      **CASE NO.: 3:17-CV-518-J-34MCR**

**SAFECO INSURANCE**
**COMPANY OF ILLINOIS,**

      **Defendant.**
_____/

## JOINT JURY INSTRUCTIONS

1

## INSTRUCTION 1

**General Preliminary Instruction**
**Eleventh Circuit Pattern Jury Instruction 1.1**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't

personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

3

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. This lawsuit arises from a motor vehicle accident which occurred on June 10, 2014, on J. Turner Butler Boulevard west of its intersection with Hodges Boulevard, in Jacksonville, Duval County, Florida. The Plaintiff, Charlene Shirk, has alleged that Matthew Mackoul negligently caused the collision, and that as a result of his negligence, she has suffered loss, injury and damages.

Prior to the accident, Ms. Shirk purchased uninsured motorist coverage from the Defendant, Safeco Insurance Company of Illinois. Uninsured motorist coverage provides insurance coverage for a policy holder when the other person who is responsible for the accident either has no insurance or not enough insurance.

Ms. Shirk has brought this action to recover damages from Safeco for the loss, injury and damage which she claims to have sustained as a result of the negligence of Mr. Mackoul.

Safeco admits that Mr. Mackoul was negligent in causing the accident and that Ms. Shirk suffered some loss, injury and damages. However, Safeco denies that the accident caused the damages as alleged by Ms. Shirk.

Burden of proof:

The Plaintiff has the burden of proving her case by what the law calls a "preponderance of the evidence." That means the Plaintiff must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring the Plaintiff and the evidence favoring the Defendant on opposite sides of balancing scales, the Plaintiff needs to make the scales tip to her side. If the Plaintiff fails to meet this burden, you must find in favor of the Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text

messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until

you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiff will present her witnesses and ask them questions. After the Plaintiff questions the witness, the Defendant may ask the witness questions – this is called "cross-examining" the witness. Then, if the Defendant presents witnesses, the Plaintiff may cross-examine them.

You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

## <u>INSTRUCTION 2</u>

### Introduction
### Eleventh Circuit Pattern Jury Instruction 3.1

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

# <u>INSTRUCTION 3</u>

**The Duty to Follow Instructions – Corporate Party Involved
Eleventh Circuit Pattern Jury Instruction 3.2.2**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company[1].

---

[1] The last sentence of this instruction is objected to by the Defendant

## <u>INSTRUCTION 4</u>

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court
Eleventh Circuit Pattern Jury Instruction 3.3**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## **INSTRUCTION 5**

### **Credibility of Witnesses**
### **Eleventh Circuit Pattern Jury Instruction 3.4**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

14

## <u>INSTRUCTION 6</u>
**Impeachment of Witnesses Because of Inconsistent Statements**
**Eleventh Circuit Pattern Jury Instruction 3.5.1**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## <u>INSTRUCTION 7</u>
**Expert Witness – When Expert Fees Represent a Significant
Portion of the Witness's Income
Eleventh Circuit Pattern Jury Instruction 3.6.2**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

# **INSTRUCTION 8**

**Believability of a Witness**
**Florida Standard Civil Jury Instruction 601(2)(c)**

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited just because the witness talked with a lawyer about his or her testimony.

## <u>INSTRUCTION 8</u>

**Issues on Plaintiff's Claim – General Negligence Florida Standard Civil Jury Instruction 401.18(a) (modified)
Responsibility for Proof – Plaintiff's Claim, Preponderance of the Evidence
Eleventh Circuit Pattern Jury Instruction 3.7.1**

### Florida Standard Civil Jury Instruction 401.18(a)

In this case the Defendant has admitted that uninsured motorist was negligent. It has further admitted that this negligence caused permanent loss, injury and damage to Charlene Shirk. The issue you must decide on the Charlene Shirk's claim against the Defendant is: the extent of the loss, injury or damage to Charlene Shirk.

### Eleventh Circuit Pattern Jury Instruction 3.7.1

In this case, it is the responsibility of the Plaintiff to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who

18

may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

## **INSTRUCTION 9**

### **Motor Vehicle No-Fault Instruction**
### **Florida Standard Civil Jury Instruction 501.3 (a-c)**

You will consider the matter of damages.  You should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate the Plaintiff for the following elements of damage including damage that Plaintiff is reasonably certain to incur in the future:

The reasonable value or expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Charlene Shirk in the past or to be so obtained in the future;

Any bodily injury sustained by Charlene Shirk and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

## **INSTRUCTION 10**

**Mortality Tables**
**Florida Standard Civil Jury Instruction 501.6**

Ms. Shirk has been permanently injured. Therefore, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Ms. Shirk may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Ms. Shirk's health, age and physical condition, before and after the injury, in determining the probable length of her life.

## <u>INSTRUCTION 11</u>

**Reduction of Damages to Present Value**
**Florida Standard Civil Jury Instruction 501.7**

Any amount of damages which you allow for future medical expenses should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate for these losses as they are actually experienced in future years.

## **INSTRUCTION 12**

**Collateral Source Rule**
**Florida Standard Civil Jury Instruction 501.8**

You should not reduce the amount of compensation to which the Charlene Shirk is otherwise entitled on account of wages, medical insurance payments, or other benefits which the evidence shows Ms. Shirk received from her employer, her insurance company, or some other source. The court will reduce as necessary the amount of compensation to which the Plaintiff is entitled on account of any such payments.

## INSTRUCTION 13

**Redactions (Special Instruction)**

You may note some redactions/deletions from some of the documents and video depositions placed in evidence for your consideration.  Under our law, only certain evidence may be considered by a jury in determining a verdict.  You are instructed that you must not speculate or even discuss possible reasons for such redaction/deletions.

## INSTRUCTION 14

### Duty to Deliberate When Only the Plaintiff Claims Damages
### Eleventh Circuit Pattern Jury Instruction 3.8.1

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## INSTRUCTION 15

**Election of Foreperson Explanation of Verdict Form
Eleventh Circuit Pattern Jury Instruction 3.9**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.